JOHN YATES

*v.*

CIVIL SERVICE COMMISSION OF WEST VIRGINIA
DONALD E. RYDER, *et al., Commissioners, etc.*
ALCOHOL BEVERAGE CONTROL COMMISSIONER OF WEST VIRGINIA

(No. 13022)

Submitted January 13, 1971.    Decided February 2, 1971.

*Leo Catsonis,* for appellant.

*Chauncey H. Browning, Jr.,* Attorney General, *Dennis R. Vaughan, Jr.,* Assistant Attorney General, for appellees.

CAPLAN, PRESIDENT:

This is an appeal by John Yates from an order of the Civil Service Commission wherein the commission held that the appellant was not entitled to reinstatement to his former position. After the appeal was granted the appellant asked leave to move to reverse and such leave was allowed. The case is now before us on a motion to reverse the order of the Civil Service Commission.

John Yates became an employee of the West Virginia Alcohol Beverage Control Commissioner on May 1, 1964. He served that employer in several capacities, his last position being that of a cashier in the state liquor store in Lewisburg. As a cashier he was a covered employee in the state civil service system.

While so employed, Mr. Yates, on the night of October 31, 1969, received a telephone call from his supervisor, Sam Mason, who told him that he was discharged from his position with the commissioner. That there was no letter of dismissal nor any reasons offered for his dismissal is not disputed in the record. In fact, one of the findings of the Civil Service Commission was that the employee "was dismissed without being given reasons in writing."

In July 1969 the appellant took a civil service examination but did not learn the results thereof until approximately July 10, 1970, several months subsequent to his discharge by the Alcohol Beverage Control Commissioner. At that time Mr. Yates' counsel told him that he had learned from the Director of Personnel of the Civil Service Commission that he had failed the examination. There is no showing in the record of this case that the employer had any knowledge of the results of such examination. Clearly the employer did not know that Yates had failed at the time of his dismissal.

On May 28, 1970 the appellant, through his counsel, sought an appeal from the dismissal of October 31, 1969. In the letter seeking such appeal the commission was requested to advise the appellant of the grounds of dismissal as required by its rules and regulations. Pursuant thereto a hearing was held before the Civil Service Commission on August 10, 1970, on which date the commission rendered its decision. Therein it found that the "employee was dismissed without being given reasons in writing." A second finding was that the employee failed the qualifying examination. Its decision was "The employee is not entitled to reinstatement by reason of his failing the qualifying examination." It is from this decision that the appellant prosecutes this appeal.

It is the contention of the appellant that his discharge by the Alcohol Beverage Control Commissioner was illegal for the reason that the commissioner failed to present him with the reasons for such discharge, as specifically required by Code, 1931, 29-6-8(11), as amended. The appellees, on the other hand, take the position that although no reasons were given for Yates' discharge, he nonetheless is not entitled to reinstatement because of his failure to pass the qualifying examination.

We are confronted on this appeal, not with the mere issue of whether the dismissal of Yates was legal or illegal, but with the further consideration of whether his failure to pass the qualifying examination, knowledge of which was obtained after the dismissal, now precludes his reinstatement. As herein noted, no reasons were stated for Yates' dismissal at the time thereof. By statute and by the decisions of this Court, it is well established that good cause must exist for the dismissal of an employee in the classified service and that such good cause must be shown to have existed at the time of the dismissal. In the absence thereof such dismissal is illegal and cannot stand. See *Guine v. Civil Service Commission,* 149 W.Va. 461, 141 S.E.2d 364, wherein the Court said: "Clearly, under the law, good cause must exist for the dismissal of an employee in the classified service. Not only shall good cause be alleged in the dismissal of such employee but it must be proved in the event of an appeal from the dismissal."

Code, 1931, 29-6-8(11), as amended, where pertinent, provides: "Discharge or reduction of these employees shall take place only after the person to be discharged or reduced has been presented with the reasons for such discharge or reduction stated in writing, and has been allowed a reasonable time to reply thereto in writing, or upon request to appear personally and reply to the head of the department or his deputy. The statement of reasons and the reply shall be filed as a public record with the director." On an appeal to the Civil Service Commission, "If the commission finds that the action complained of was taken by the appointing authority without good cause, the employee shall be reinstated to his former position * * * without loss of pay for the period of his suspension." Code, 1931, 29-6-13, as amended. Article XI, Section 2 of the Rules and Regulations of the Civil Service Commission requires that "specific reasons" for dismissal be given in writing to any employee against whom such action is taken.

Not only did the subject employer fail to cite specific reasons for Yates' dismissal, he failed to state any reasons at the time of such dismissal. The employee had no opportunity to reply to his employer's action as provided by law. Under the foregoing statutes, rules and regulations and decision of this Court, it is clear that reasons for dismissal must be given to an employee at the time of such dismissal. It does not satisfy the requirements of law relating to civil service coverage to supply the reasons for dismissal for the first time at an appeal before the Civil Service Commission. If this were permitted the basic purpose of civil service coverage, security of tenure in one's employment, would be effectively thwarted. An employer could fire a covered employee without cause and not be required to give the reasons therefor *unless* the employee appeals. If the employee does not appeal he may have been dismissed without cause, clearly contrary to law. If he does appeal without having been given reasons in writing, he is placed in a position of not knowing the charges against him. This would be repugnant to our concept of justice.

In the instant case the only reason for refusing to reinstate the appellant is that he failed to pass the qualifying examination.

This was not a reason given by the employer at the time of dismissal. In fact, the employer was totally unaware of the employee's failure to pass the examination when he fired him. Such dismissal, therefore, was clearly illegal.

The function of the Civil Service Commission, upon an appeal by a dismissed covered employee, is to determine whether the appointing authority had good cause to dismiss such employee. If the action of the employer were without good cause, Code, 1931, 29-6-13, as amended, unequivocally and mandatorily requires the commission to reinstate the employee to his former position or a position of like status and pay. In the case before us the failure of the employee to pass the qualifying examination is nothing more than a reason to terminate his employment. This, however, must be done in accordance with the requirements of law. Doubtless, if the employer had informed the appellant in writing that his employment was terminated by reason of his failure to pass the qualifying examination, and this were found to be true at the hearing, such dismissal would be sustained. Such was not the case here. If the procedure followed in the instant case were permitted to stand, it could readily serve as precedent to allow future firings of covered employees without giving reasons therefor unless and until such employee was heard on appeal. This is contrary to a basic principle in the civil service law that a covered employee shall be protected from dismissal without cause and that he shall be given the opportunity to reply to his employer at the time of dismissal. It is incumbent upon the employer to inform the employee of the reasons for dismissal at the time of dismissal.

We are of the opinion and we hold that the employer having failed to give Mr. Yates reasons for dismissing him at the time of such dismissal, the dismissal was without cause and invalid. We further hold that such dismissal cannot have life breathed into it and made valid by a reason presented by the Civil Service Commission at an appeal before it. Therefore, in accordance with the mandatory provisions of Code, 1931, 29-6-13, as amended, the appellant is hereby reinstated to his former position or a position of like status and pay.

Since the record of this case reveals that Mr. Yates has failed to pass the qualifying examination, the employer is not precluded by this decision from now reconsidering such employee's status.

For the reasons stated, the motion to reverse is granted.

*Motion to reverse granted.*