■ In the Matter of EDDIE HAYES, Petitioner, v. HAGOP S. MASHIKIAN, as Director of Rockland Children's Psychiatric Hospital, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination, dated June 16, 1971, dismissing petitioner from his position as attendant at the Rockland Children's Psychiatric Hospital, effective June 15, 1971. Determination confirmed and proceeding dismissed on the merits, without costs. On April 6, 1971 petitioner was charged with specifications of misconduct, including, tardiness, numerous unexcused and unexplained absences, and physical abuse of patients. Following a hearing conducted pursuant to section 75 of the Civil Service Law, petitioner was found guilty of four of the specifications, which included numerous absences and striking a boy patient, Ludwig Serberie, in the abdomen. In this proceeding petitioner does not challenge respondent's compliance with the procedural requirements of section 75 of the Civil Service Law or the sufficiency of the evidence produced at the hearing to support the finding of misconduct. Petitioner's sole claim is that the punishment imposed was excessive and should be modified by this court. We do not agree. The evidence adduced tended to establish that at the time petitioner encountered the patient the latter was in an agitated state and threatening other patients and petitioner with the broken leg of a chair. It appears, however, that petitioner, a grown man, had disarmed the boy, had restrained him by wrapping his arm around him, and had eliminated any imminent fear of harm that may have existed while the boy was in possession of the chair leg and might have required a showing of force. It is further evident from the record that the child was not possessed of great strength, as he was taken from petitioner, much in the same state he was in prior to the assault, by a nurse on duty who heard a commotion, investigated, arrived on the scene in time to see petitioner punch the patient, and removed the patient from his ward and calmed him down, without the use of excessive physical force. It was her opinion that petitioner was stronger than she was. Under these circumstances, we are not shocked by

the penalty imposed and believe it should be sustained. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Christ, JJ., concur.