WALTER L. SNYDER

*v.*

CIVIL SERVICE COMMISSION, *etc., et al.*

(No. 13813)

Decided November 22, 1977.

*Michael R. Cline,* Special Assistant Attorney General, for appellant.

MILLER, JUSTICE:

This case is before the Court on the narrow issue of whether the Circuit Court of Kanawha County erred in holding that the notice to a civil service employee as to the grounds of his dismissal was legally insufficient. We affirm.

The notice was sent pursuant to Article XI, Section 2 of the Rules and Regulations of the State Civil Service System, which requires "notice in writing ... stating specific reasons therefore" on dismissal of a covered employee.[1] It is obvious that due process procedures, even in the absence of a statute or regulation, would require

---

[1] Parallel language, except for the word "specific", is found in *W. Va. Code,* 29-6-11(11) (1977), and is identical to the former provision found in *W. Va. Code,* 29-6-8(11) (1976).

the State to give adequate notice of the reasons for dismissal of a classified employee before it took such drastic action. *See, Arnett v. Kennedy,* 416 U.S. 134, 40 L. Ed. 2d 15, 94 S. Ct. 1633 (1974); *North v. West Virginia Board of Regents,* ____ W. Va. ____, 233 S.E.2d 411 (1977).

The notice of dismissal is not adequate.[2] It does not identify the particular travel expense records, the dates of the incidents, or state why the records are claimed to be false.

We are cited *Thurmond v. Steele,* ____ W. Va. ____, 225 S.E.2d 210 (1976). However, the issue in that case was not adequacy of notice, but rather what type of gross misconduct would warrant a dismissal. True, the Court did mention by way of dictum that the notice of dismissal was adequate. *Thurmond,* however, involved a single incident of misconduct on the part of an employee which was fully described in the notice. The employee could have had no difficulty in understanding the exact date and nature of the charge, even though no date was given.

Another case which bears on the point is *Yates v. Civil Service Commission,* 154 W. Va. 696, 178 S.E.2d 798 (1971). There a civil service employee was dismissed without any notice as to the reasons for termination. This Court held that the lack of notice invalidated the dismissal. *Yates* explains why notice is necessary.

*Guine v. Civil Service Commission,* 149 W. Va. 461, 141 S.E.2d 364 (1965), also considered adequacy of notice, and while the notice bordered on generality, it neverthe-

---

[2] "In accordance with the regulations of the West Virginia Civil Service System, I hereby inform you that effective July 15, 1975, you are hereby dismissed from the position of Division Director with the West Virginia Department of Labor.

"Specifically, your dismissal is the result of your falsifying state travel expense records which led to your suspension on January 25, 1974. This information has been made available for my thorough review by the Purchasing, Practices and Procedures Commission. I consider your actions as documented in the report to be gross misconduct which dictates that your dismissal be immediate and final."

less identified the alleged misconduct with some particularity. Of considerable importance was the fact that prior to the hearing on appeal before the Civil Service Commission, the parties met at a prehearing conference and the employee was more fully apprised of the incidents referred to in the notice. No such additional disclosure appears in the record of this case.

Other courts, in considering the adequacy of a notice dismissing a public employee under regulations analogous to those in this case, have generally required that the notice have some factual specificity. In the rather similar case of *Thornberry v. Civil Service Commission*, 49 Ill. App. 2d 22, 199 N.E.2d 436 (1964), a notice which stated "travel vouchers and examination reports are not in accord as to location and date of examination made" was deemed too vague. In *Money v. Anderson*, 208 F.2d 34 (D.C. Cir. 1953), Judge Bazelon concluded that where a charge involved improper conduct toward other employees, the notice must contain the names of the other employees as well as the places and approximate dates of the alleged improper conduct.

In *Hays v. Louisiana Wild Life and Fisheries Commission*, 243 La. 278, 143 So.2d 71 (1962), a notice case decided under a civil service rule requiring that "detailed reasons" be given upon dismissal of an employee, the court concluded that this required a full description of the acts complained of, including, whenever pertinent, dates, places, time, and the names of witnesses. Accord *Robbins v. New Orleans Public Library*, 208 So.2d 25 (La. App. 1968). This is probably the most extreme standard. Other courts have been content to speak generally of the need for explicit reasons for dismissing an employee without attempting to define a precise test for the sufficiency of the notice. *See, e.g., Hunt v. Personnel Commission*, 349 A.2d 605 (N.H. 1975); *Scott v. Undercofler*, 108 Ga. App. 460, 133 S.E.2d 444 (1963).

It is impractical to define a detailed set of standards which must be met in order to constitute sufficient notice. The myriad occasions that may give rise to the

discharge of an employee do not lend themselves to precise categorization. Generally, however, notice will be adequate if it sets out sufficient facts about the alleged misconduct so that its details are known with some particularity. Where an act of misconduct is asserted it should be identified by date, specific or approximate, unless its characteristics are so singular that there is no reasonable doubt when it occurred. If the act of misconduct involves persons or property, these must be identified to the extent that the accused employee will have no reasonable doubt as to the identity of the persons or property involved.

Ultimately, the sufficiency of the notice depends not on the rote following of some standard, but on whether the employee was informed with reasonable certainty and precision of the cause of his removal.

For the reasons stated above, the judgment of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*