CITY OF LOGAN, R. L. McCORMICK, *mayor*

*v.*

SPARKY L. DINGESS

(No. 13749)

Decided March 28, 1978.

*John V. Esposito* for appellant.

No appearance for appellees.

CAPLAN, CHIEF JUSTICE:

In this appeal, Sparky L. Dingess, a city police officer of the City of Logan, West Virginia, seeks reinstatement

to the police force of that city. Dingess was dismissed by the mayor of said city but after a public hearing before the police civil service commission, it was the unanimous opinion of the commission that the action of the city in its dismissal of Dingess "cannot be sustained" and it was ordered that he be "reinstated with full pay for the entire period during which he may have been prevented from performing his usual employment . . .". The city appealed that decision to the Circuit Court of Logan County, which, after more than two (2) years, entered an order reversing the decision of the police civil service commission, the effect of which was to uphold the dismissal. Dingess appeals here. We reverse the judgment of the Circuit Court of Logan County and reinstate the decision of the police civil service commission.

The primary question presented on this appeal is whether the order of the circuit court was clearly wrong and therefore reversible. The appellee chose not to file a brief in the case and the case was submitted to this court on the brief of the appellant, Sparky L. Dingess. To resolve the question, a brief summary of the facts is necessary.

It is uncontradicted that on February 13, 1973 Dingess' wife called the police department and reported that her husband was ill and would not report for work that day. It is conceded that on the same day Dingess travelled to Montgomery, West Virginia where he purchased a new automobile. Upon his return to work the following day, the police chief, having heard of his trip to Montgomery, questioned him about his absence from work.

Further questioning by the chief of police and the mayor resulted in what appeared to be conflicting accounts of Dingess' activities on February 13th. He did admit that he went to Montgomery but insisted that he had been ill and that he had seen a doctor that day. As the result of his absence from work, Dingess was discharged on February 14, 1973.

In the letter of dismissal the mayor related that although Dingess had reported that he was sick, he was not, as evidenced by his trip to Montgomery. The letter charged that if "you were ill and unable to serve as a police officer you were also in no physical condition to travel to Montgomery", purchase an automobile and drive back to Logan. It appears from the record that the chief of police found from his investigation that Dingess had not been treated at Logan General Hospital on the day in question. Although Dingess had never definitely stated that he had gone to that hospital, the Mayor concluded that Dingess had lied. On February 15, 1973 a second letter of dismissal was delivered to Dingess. This letter purported to set out "additional reasons" for discharging Dingess, such reasons being that he had lied about his medical treatment.

Disputing the allegation that he had lied, Dingess submitted a note from Dr. A. E. Glover of the Glover Clinic in Madison, West Virginia, in which Dr. Glover had written "[Dingess] has had influenza and has been under my professional care." There was some indication that Dingess had, in fact, visited Dr. Glover on February 15th, rather than on February 13th, but Dr. Glover, relying on the dated note, was positive that the latter date was the date of the visit.

After hearing the testimony, the police civil service commission reinstated Dingess, as aforesaid. The city appealed this decision to the circuit court which reversed the commission and thereby sustained the dismissal. The court reasoned that (1) the action of the civil service commission was based upon a mistake of law; (2) its findings were not supported by the evidence; and, (3) its findings were contrary to the evidence.

The "mistake of law" relied upon by the court was the refusal by the commission to admit and consider the second letter of dismissal. That letter charged, among other reasons for dismissal, that Dingess had lied about his medical treatment. It was agreed that other "additional reasons" contained in that letter should not be

considered. Evidence concerning the circumstances relating to the medical treatment received by Dingess was allowed and was considered by the commission. Therefore, the commission did consider the mayor's charge that Dingess had lied concerning his medical treatment. Since it was agreed that the other "additional reasons" should not be considered the action of the commission in excluding the letter of February 15, 1973 was not reversible error and should not have served as a basis for reversal by the circuit court.

The other two reasons assigned by the circuit court for reversal deal with evidentiary matters. The court held that the police civil service commission's findings were not supported by the evidence and were contrary to the evidence. What weight, if any, should be given to the findings of a police civil service commission by a circuit court on an appeal from a decision of that body? It was succinctly stated in the syllabus of *Billings v. Civil Service Commission*, 154 W.Va. 688, 178 S.E.2d 801 (1971), "A final order of the Civil Service Commission based upon a finding of fact will not be reversed by this Court upon appeal unless it is clearly wrong." It was said therein that "the finding must be clearly wrong to warrant our 'judicial interference'." *See, Guine v. Civil Service Commission*, 149 W.Va. 461, 141 S.E.2d 364 (1965); *Caldwell v. Civil Service Commission*, 155 W.Va. 416, 184 S.E.2d 625 (1971); *Childers v. Civil Service Commission*, 155 W.Va. 69, 181 S.E.2d 22 (1971).

In *Appeal of Prezkop*, 154 W. Va. 759, 179 S.E.2d 331 (1971) this Court followed the rules laid down in *Billings* and *Guine* and held them to be applicable to appeals from a police civil service commission to a circuit court as stated in Point 1, Syllabus of *Prezkop*: "A final order of a police civil service commission based upon a finding of fact will not be reversed by a circuit court upon appeal unless it is clearly wrong or is based upon a mistake of law." We have examined the evidence presented to the police civil service commission and cannot say that its findings were clearly wrong. The circuit court,

therefore, should not have reversed the commission on the basis of the evidence.

In order to support a dismissal of an employee covered by civil service, the evidence must show good cause for such dismissal and such cause must be substantial. "The cause must be one which specially relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public. An officer should not be removed from office on trivial or inconsequential matters, or for mere technical violations of statute or official duty without wrongful intention." 67 C.J.S. *Officers*, Section 60(b); *Thurmond v. Steele*, ___ W.Va. ___. 25 S.E.2d 210 (1976); *Guine v. Civil Service Commission*, 149 W. Va. 461, 141 S.E.2d 364 (1965). This Court is of the opinion that the circuit court erred in failing to give proper weight to the findings of the police civil service commission. There was sufficient evidence to support the action of the police civil service commission and we cannot say that such finding was clearly wrong.

The Circuit Court of Logan County is reversed and the petitioner, Sparky L. Dingess, is reinstated to his former employment with full pay for the entire period during which he was prevented from performing his usual employment.

*Reversed; petitioner reinstated with full pay.*