MARTHA JO ROSIER

*v.*

ROBERT GLEN ROSIER

(No. 14192)

Decided April 10, 1979.

*John L. Henning* for appellant.

*William M. Karr, III,* for appellee.

PER CURIAM:

The appellant in this divorce case, Martha Jo Rosier, contends that the trial court erred in relying upon a

welfare report in awarding custody of her infant daughter to the appellee, Robert Glen Rosier.

After institution of this proceeding the trial court directed the West Virignia Department of Welfare to conduct an investigation of the background, living conditions, and general circumstances of the parties.

During the subsequent hearing in the case, evidence introduced dealt principally with the actions of the parties toward each other. There was minimal evidence regarding the fitness of the parties to care for the child.

At the conclusion of the hearing the trial court stated:

"Based on the evidence adduced, the plaintiff will be granted a divorce from the defendant, and I have the benefit of a very adequate Welfare investigation on the homes of both parties that consists of ten pages, and it will be the court's ruling that the child Sheryl [sic] Marie Rosier, custody of that child will be granted to the plaintiff, Robert Glen Rosier, ...."

It is apparent from these remarks that the trial judge based his award of custody on the welfare investigation report.

The rule in this State is that in divorce proceedings involving questions of child custody, reports addressed to a judge by public assistance agencies which have not been admitted into evidence, should not be considered for any purpose, absent the express consent of the parties. See, *Pugh v. Pugh*, 133 W. Va. 501, 56 S.E.2d 901 (1949); *In re Simmons Children*, 154 W. Va. 491, 177 S.E.2d 19 (1970).

After the filing of this appeal, the appellee raised ancillary questions involving the failure of the appellant to follow the Rules of this Court in prosecuting her appeal. Among other points, the appellee contended that the appellant had failed to post an appeal bond within the time required by the Rules of this Court and that for that reason this Court should not consider her petition.

It is clear from the record that during the proceedings in this appeal the appellant was a poor person, and that financial inability precluded her from posting the bond required by this Court.

*W.Va. Code,* 59-2-1, provides in part:

> "A poor person may be allowed by a court to sue or defend a suit therein without paying fees, or costs, whereupon he shall have from any counsel which the court may assign him and from all officers, all needful services and process, and also the assistance of witnesses, without any fees to them therefore, except what may be included in the costs recoverable from the opposite party. ..."

After examining this statute we conclude that the Legislature, in enacting it, intended to open our legal proceedings to poor persons where inability to pay the fees and costs attendant upon such proceedings would otherwise exclude them. In view of the intent of the Legislature we hold that an appeal bond required by the Rules of the Supreme Court of Appeals is a cost within the meaning of *W.Va. Code,* 59-2-1, and that a poor person, within the meaning of that statute, may prosecute an appeal on his own recognizance, rather than by posting a money bond.

In this appeal the appellee stated in open court that no prejudice had resulted from the appellant's failure to comply with certain other procedural requirements of this Court. For that reason we decline to consider the other ancillary questions raised by the appellee.

Because the circuit court improperly relied upon the welfare report in awarding custody of the child, we reverse the decision of the Circuit Court of Randolph County, and we remand the case with directions that the court reconsider the question of custody of the child in light of evidence properly admissible in such a proceeding.

*Reversed and remanded.*