JACK SCOTT, *Sheriff, etc.*

*v.*

DWAYNE C. ERNEST

(No. 14106)

Decided April 4, 1980.

Rehearing Denied July 10, 1980.

---

*Norris Kantor, Katz, Kantor, Katz, Perkins & Cameron*, for appellant.

*David W. Knight*, Prosecuting Attorney, *Bruce S. Ambrose*, Assistant Prosecuting Attorney, for appellee.

PER CURIAM:

The appellant in this proceeding, Dwayne C. Ernest, contends that the Sheriff of Mercer County denied him due process of law in failing to follow procedures established by civil service regulations in dismissing him from his position as a Deputy in the Mercer County Sheriff's Department. He also argues that the decisions of the Mercer County Sheriff's Civil Service Commission and the Circuit Court of Mercer County, affirming the dismissal, are not supported by and are not justified by, the evidence adduced.

By letter dated November 14, 1975, Jack Scott, the Sheriff of Mercer County, notified the appellant that effective November 3, 1975, he was discharged from his position as deputy sheriff. The letter set forth twelve grounds for dismissal. Ground 10 said, in part:

> "R. Compton, Bob Baughman, and Emory Fleming have knowledge of this instant [sic]. A subject was picked up and brought to the jail for booking. As this subject was being escorted into the jail you kicked him in the rear and knocked him down. This subject was handcuffed at the time. . . ."

Charge 11 stated:

> "Yourself, Baughman, Williams and Fleming are involved in this instant [sic]. Yourself and Baughman stoped [sic] an automobile with Ohio registrations [sic]. You had just removed the subject from the auto when Fleming and Williams

arrived on the scene. The subject was asked his name, and he said 'Why do you want to know, am I under arrest?' At this point you hit the party with your slap across the side of the face and the head."

After receiving the letter the appellant, by counsel, requested, and received, a bill of particulars clarifying the allegations. He also requested a hearing before the Mercer County Sheriff's Civil Service Commission.

On April 8, 1976, the Civil Service Commission conducted a hearing. Among the witnesses was Lieutenant Emory Fleming. Fleming, who had worked with the appellant, testified that the appellant had kicked a prisoner as the prisoner was entering the jail. He also testified that he had seen the appellant strike a person standing outside a car as was charged in Charge 11 of the November 14, 1975 letter. During the hearing the appellant himself testified. He addressed each of the points charged in the November 14, 1975 letter; he also presented detailed evidence in an attempt to explain and justify his actions.

At the conclusion of the hearing the Civil Service Commission found that the dismissal was justified. The appellant appealed to the Circuit Court of Mercer County, and the Circuit Court, by order dated March 17, 1977, upheld the Commission's decision.

An examination of the rules and regulations of the Mercer County Sheriff's Civil Service Commission reveals that they are designed to afford a dismissed deputy notice of the charges against him and an opportunity to be heard.

In Syllabus Point 3 of *Snyder v. Civil Service Commissioner*, ____ W.Va. ____, 238 S.E.2d 842 (1977), we stated that:

"A notice of dismissal to a classified civil service employee will generally be adequate if it sets out sufficient facts of the alleged misconduct so that its details are known with some particularity."

In *Snyder*, we noted that the sufficiency of notice does not depend upon the notice's rote following of any specific standards; it depends on whether the employee was informed with reasonable certainty of the cause for removal.

It is evident from the appellant's excellent defense in this case and from his detailed testimony rebutting and mitigating the evidence of his wrongdoing that he was reasonably informed of the charges upon which his dismissal was based. He was also afforded on adequate opportunity to be heard. We, therefore, conclude that his assignments of error relating to the denial of due process are without merit.

We have held with regard to the evidence necessary to support a civil service action that:

> "A final order of the police civil service commission based upon a finding of fact will not be reversed by a circuit court upon appeal unless it is clearly wrong or is based upon a mistake of law." Syl. pt. 1, *City of Logan v. Dingess*, ___ W.Va. ___, 242 S.E.2d 473 (1978).

Cf. *Appeal of Prezkop*, 154 W.Va. 759, 179 S.E.2d 331 (1971); *Billings v. Civil Service Commission*, 154 W.Va. 688, 178 S.E.2d 801 (1971); *Yates v. Civil Service Commission*, 154 W.Va. 696, 178 S.E.2d 798 (1971).

While in the case before us the appellant presented evidence which, if believed, would have supported a finding that his actions as a deputy sheriff were justified, that evidence was contradicted by evidence offered in support of the dismissal. In *City of Logan v. Dingess, supra*, we examined what causes would justify removal of an employee. We said:

> "The cause must be one which specially relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public. An officer should not be removed from office on trivial or inconsequential matters, or for mere technical violations of stat-

ute or official duty without wrongful intention."
*City of Logan v. Dingess, supra,* at p. 475.

The behavior which a police officer exhibits toward the public is obviously related to, and affects, the administration of his office. The right of individuals in the custody of public officers to be protected against acts of unjustified violence is of a sufficiently substantial nature to justify the dismissal of the public employee who violates that right. See *Merchant v. N.Y.S. Dept. of Mental Hygiene,* 41 App.Div.2d 588, 340 N.Y.S.2d 214 (1973), and the cases cited therein, and *Hayes v. Mashikian,* 40 App. Div.2d 521, 333 N.Y.S.2d 862 (1972). `

Because in the case before us there was adequate evidence, though contradicted, that the appellant had exhibited unjustified brutality toward persons in his custody, we cannot conclude that the rulings of the Mercer County Sheriff's Civil Service Commission and the Circuit Court of Mercer County were unsupported by the evidence or clearly wrong.

For the reasons stated, the judgment of the Circuit Court of Mercer County is affirmed.

*Affirmed.*