MICHAEL KENDRICK

*v.*

RALPH JOHNSON, SHERIFF, *etc.*

(No. 14564)

Decided June 30, 1981.

*DiTrapano, Jackson & Buffa* and *E. Joseph Buffa, Jr.*, for appellant.

*Ernest V. Morton, Jr.*, for appellee.

PER CURIAM:

In this appeal, Ralph Johnson, the Sheriff of Nicholas County, West Virginia, seeks reversal of a judgment of the Circuit Court of Nicholas County reinstating the appellee, Michael Kendrick, to his position as a deputy sheriff. Johnson discharged the appellee from employment by letter effective September 1, 1977. The appellee denied the charges and a hearing was held before the Nicholas County Deputy Sheriff's Civil Service Commission which sustained the discharge, holding that the sheriff met his burden of proving "just cause" for dismissal. *W.Va. Code*, 7-14-17(a). The deputy appealed to the Circuit Court of Nicholas County which reversed the decision of the civil service commission and ordered reinstatement with back pay. Thereafter, this Court granted the sheriff's petition for review of the circuit court's decision. For the reasons that follow, we reverse and set aside the judgment of the trial court.

The civil service commission in upholding the dismissal found, among other things, that (1) the deputy used offensive language in the presence of three members of the Nicholas County Emergency Ambulance Service wholly without justification; (2) the deputy unnecessarily threatened to impose criminal penalties upon the driver of the ambulance; and (3) the deputy probably used excessive physical force and personal abuse in the arrest of an individual initially stopped for an alleged traffic violation.

The circuit court did not question the Commission's first two findings of misconduct but ruled that the deputy's transgressions were not sufficient to warrant dismissal. The court also expressly affirmed the Commission's finding

that the deputy probably used excessive force and personal abuse in making an arrest, but concluded this finding did not warrant dismissal because the deputy's actions were not taken "without justification."

Final orders of civil service commissions are subject to limited judicial review. In reviewing the decisions of police civil service commissions, we have held:

> "A final order of a police civil service commission based upon a finding of fact will not be reversed by a circuit court upon appeal unless it is clearly wrong or is based upon a mistake of law." Syl.pt.1, *City of Logan v. Dingess*, 161 W.Va. 377, 242 S.E.2d 473 (1978), *quoting*, Syl. pt. 1, *Appeal of Prezkop*, 154 W.Va. 759, 179 S.E.2d 331 (1971).

We have carefully considered the evidence presented to the civil service commission and cannot say that its findings are clearly wrong or that the Commission made an error of law in concluding that the evidence established just cause for dismissal. On the contrary, we are of the opinion that the trial court erred in concluding as a matter of law that the evidence was insufficient to warrant discharge. Although law enforcement officers protected by civil service laws cannot be removed from office or discharged from employment based on trivial or inconsequential matters, *see*, e.g., *Dingess, supra*, the misconduct here, as found by the Commission, is certainly not trivial. The deputy's misconduct relates directly to the proper administration of law enforcement activity in Nicholas County and is of a substantial nature directly affecting the rights and interests of members of the general public. As we concluded in *Scott v. Ernest*, 164 W.Va. 595, 264 S.E.2d 635, 637 (1980):

> "The behavior which a police officer exhibits toward the public is obviously related to, and affects, the administration of his office. The right of individuals in the custody of public officers to be protected against acts of unjustified violence is of a sufficiently substantial nature to justify the dismissal of the public employee who violates that right." [citations omitted].

The Commission's finding that the deputy "probably" used excessive force, though inartfully phrased, is tantamount to a factual determination that excessive force was employed in making the arrest. While there is no doubt that law enforcement officers must sometimes use physical force to effectuate an arrest, this provides no justification for the use of excessive force. The Commission's finding that the deputy used offensive and profane language in dealing with citizens of Nicholas County is supported by substantial evidence. Similarly the evidence supports the finding that the officer unnecessarily threatened to impose criminal penalties on the driver of the ambulance. Based on these findings of misconduct, the Commission upheld the discharge. There is no indication in the record that the Commission proceeded on a mistaken view of the law, or that its conclusion that the sheriff established just cause for dismissal was based on a mistake of law. Considering the evidence as a whole, we conclude the order of the civil service commission is supported by substantial evidence, is not clearly wrong, and is not based on a mistake of law.

For the foregoing reasons, the judgment of the Circuit Court of Nicholas County is hereby reversed.

*Reversed.*