D. H. PRYOR

*v.*

JOHN G. HUTCHINSON, IN HIS OFFICIAL

CAPACITY AS MAYOR OF THE CITY OF CHARLESTON, *et al.*

(No. 14845)

Decided July 17, 1981.

*Jackson, Kelly, Holt & O'Farrell, W. Warren Upton and T. Randolph Cox* for appellants.

*Pauley, Curry & Thaxton, Arden J. Curry and Arden J. Curry, II,* for appellee.

PER CURIAM:

This is an appeal by the City of Charleston from an order of the Circuit Court of Kanawha County reinstating D. H. Pryor to the position of patrolman with the Charleston Police Department. The court's order reversed an administrative decision of the Charleston Police Civil Service Commission which upheld Pryor's dismissal by the Mayor of Charleston. In this appeal, the City asserts that the circuit court failed to consider the evidence in a proper manner and that the court's decision was contrary to the law and the evidence. We agree, and we reverse the decision of the circuit court.

D. H. Pryor was dismissed from his position as patrolman by the Mayor of Charleston for using unnecessary and excessive violence in handling a prisoner, Willard Vance, on December 4, 1977. Pryor appealed to the Charleston Police Civil Service Commission. In the course of hearings conducted by the Commission, evidence was adduced showing on the date of the incident Vance, who was intoxicated, was confined in the city paddy wagon with another prisoner. When a disturbance broke out Pryor entered the wagon and beat Vance. According to Dr. Stephen A. Artz, an impartial witness, Pryor delivered between ten and fifteen blows to Vance and shoved him back into the wagon. David Artz, Dr. Artz's nine-year old son, saw Pryor strike Vance's chest several times.[1] He heard Vance screaming as a result of the beating. Vance himself testified that he had received a severe beating. One of Pryor's fellow police officers, Officer Gullian, testified that Pryor had had physical contact with Vance and that he had not been gentle.

In addition to actual eyewitness accounts of the beatings, the Commission, over Pryor's objection, heard the testimony of Charles Jones who had conducted a polygraph examination of Pryor. Jones testified that Pryor had admitted striking Vance.

---

[1] It is not contested that Dr. Artz and his son had an unobstructed view of the event. It was their commendable concern over the incident that brought this matter to the attention of the proper authorities.

At the conclusion of the hearing the Commission rendered an opinion which stated:

"As previously indicated the crucial question in this appeal centers about whether Pryor used unnecessary and excessive violence toward the prisoner, Willard Vance. The testimony of Officers Pryor and Gullian, Dr. Artz and David Artz all relate to this question. The evidence is undisputed that Officer Pryor did have physical contact and according to Officer Pryor's own testimony it was not in a gentle fashion."

The Commission then proceeded to consider the testimony of Officer Pryor, Officer Gullian, Dr. Artz and David Artz. The opinion concluded:

"The inconsistencies in the testimony of these witnesses cannot be entirely resolved but it is clear that Officer Pryor used great force against the prisoner which, in the opinion of a majority of the Commission, was an exercise of 'unnecessary and excessive violence against the prisoner' as proscribed by the Rules and Regulations of the Charleston Police Department. Based upon these findings and after considering the transcript as a whole, a majority of the Commission has concluded that a preponderance of the evidence supports the action of the Mayor."

Pryor, after receiving this opinion, appealed to the Circuit Court of Kanawha County.

The Cricuit Court of Kanawha County reviewed the evidence presented before the Commission and concluded that the admission of the polygraph results constituted reversible error. The court also noted that after the incident Vance did not require medical attention and that there were no visible marks about his body eighteen hours later. The court, therefore, reasoned that the force used by Pryor did not constitute unnecessary or excessive violence.

In Syllabus Point 1 of *City of Logan v. Dingess*, 161 W.Va. 377, 242 S.E.2d 473 (1978), we said:

" 'A final order of a police civil service commission based upon a finding of fact will not be

reversed by a circuit court upon appeal unless it is clearly wrong or is based upon a mistake of law.' Point 1, Syllabus, *Appeal of Prezkop*, 154 W.Va. 759, 179 S.E.2d 331 (1971)."

In the case before us the appellee, Pryor, argues that the Commission erred as a matter of law in admitting the polygraph results and, in effect, basing its opinion in part on the results.

There is no evidence that the Commission based its opinion on the polygraph results even if they were introduced through a mistake of law. They are not mentioned in the opinion; on the contrary, it is clear that the Commission's decision was based on the testimony of Officer Pryor, Officer Gullian, Dr. Artz and David Artz.

Inasmuch as the polygraph results did not serve as a basis of the Commission's opinion, we are of the view that the admission of them was harmless error, if error at all.[2] After carefully reviewing the opinion we cannot conclude that it is based either upon a finding of fact which was clearly wrong or a mistake of law. Accordingly, we conclude that it should have been affirmed by the circuit court under Syllabus Point 1 of the *City of Logan v. Dingess, supra.*

The judgment of the Circuit Court of Kanawha County is, therefore, reversed.

*Reversed.*

---

[2] While we held in *State v. Frazier*, 164 W.Va. 572, 252 S.E.2d 39 (1979), that polygraphs results were inadmissible in a criminal context, we have not considered their applicability in an administrative proceeding such as the one before us. However, since the results did not form a basis of the Commission's opinion now under consideration, we decline to consider the question in this case.