**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**


*In re* **H.L.**

**No. 25-345** (Kanawha County CC-20-2016-JA-283)


**MEMORANDUM DECISION**


Petitioner Mother A.F.[1] appeals the Circuit Court of Kanawha County's April 28, 2025, order denying her motion for modification of a parenting plan, arguing that the circuit court's order lacked sufficient findings and violated her due process rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating the circuit court's April 28, 2025, order and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

This case began as an abuse and neglect matter in 2016. After the abuse and neglect petition was dismissed in May 2017, the circuit court returned custody to the parents under a prior parenting plan entered in July 2016. That plan granted the respondent father primary custody of H.L., and the petitioner received visitation every Saturday from 12:00 p.m. until 4:00 p.m. and every Wednesday from 5:00 p.m. until 7:00 p.m. After the petitioner sought modification of the parenting plan in March 2020, the circuit court increased the petitioner's parenting time with the child to include every other weekend from Friday to Sunday as well as two weeks each summer.

In February 2025, the petitioner filed a motion for modification of the March 2020 parenting plan, alleging that there had been an unanticipated substantial change in circumstances since the prior order, that the parenting plan was not functioning as intended, and that the plan was manifestly harmful to the child under West Virginia Code § 48-9-401(a) and (b). Specifically, the petitioner alleged that she previously suffered from a drug addiction but had maintained her sobriety since May 2016. She further alleged that the father and the child had been residing with the child's paternal grandmother but were forced to leave after the grandmother filed a petition for a domestic violence protective order against the father, prompting the father and child to move into the home of the child's aunt and uncle. The petitioner stated that she owned a home, had a bedroom for the child, and that two of H.L.'s half-siblings primarily lived with her. The petitioner

---

[1] The petitioner appears by counsel Samantha G. Schaal. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Heather Olcott.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

also alleged that the father had exposed the child to six different girlfriends in the previous eighteen months; one of the father's girlfriends informed the petitioner that the child was not safe with the father; the father prevented the child from participating in phone calls and visitation with the petitioner; the father asked the child to lie to the petitioner; the father harassed the petitioner during phone exchanges and spoke negatively about the petitioner to the child; and on one occasion, the father followed the petitioner and the child to the beach during her scheduled vacation time. Further, although the father regularly requested that the petitioner exercise more parenting time than allotted under the parenting plan, the father was unwilling to develop a new parenting schedule or arrange a holiday schedule. According to the record, after the petition was filed, the circuit court directed the DHS to investigate the allegations against the father and provide the court with a report on its findings.

The circuit court held a hearing on the petitioner's motion in April 2025, which lasted twelve minutes. The court asked the DHS and the petitioner's counsel to proffer their positions on modification. The petitioner's counsel restated allegations from the petition and informed the court that a witness was present to testify. The DHS informed the court that it did not substantiate any abuse and neglect allegations against the father and declined to file a petition against him. The DHS also made the court aware that the Child Protective Services ("CPS") worker who performed the investigation was present in the courtroom. The court then asked the father, who was unrepresented, to testify. The father testified that he opposed sharing equal custody with the petitioner and that the child wanted to remain with him and continue attending the same school. Immediately after questioning the father, the court announced its findings of fact and conclusions of law from the bench, without allowing the petitioner to cross-examine the father or present her own evidence. Specifically, the court stated "at this time, CPS has not found any abuse and does not wish to file a petition. So, um, I am not inclined to modify." The court also concluded that equal custody was not in the child's best interests. In its one-page order denying modification, the court simply found that "[t]he [DHS] did not substantiate any allegations of abuse and neglect against the [father] as a result of its investigation" and that, "after hearing the evidence provided from the parties," the petitioner's motion was denied. It is from this order that the petitioner appeals.

As is well established,

> [w]hen this Court reviews challenges to the findings and conclusions of the circuit court, a two-prong deferential standard of review is applied. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Syl., *McCormick v. Allstate Ins. Co.*, 197 W. Va. 415, 475 S.E.2d 507 (1996).

Syl. Pt. 1, *In re S.W.*, 236 W. Va. 309, 779 S.E.2d 577 (2015). However, "[w]here the issue on appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R. M. v. Charlie A. L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

On appeal, the petitioner argues that the circuit court violated her right to due process by denying her petition to modify without allowing her to testify, present evidence, or cross-examine witnesses. We agree.[3] The right to present evidence on one's own behalf is guaranteed by the Fourteenth Amendment to the United States Constitution and Article III, § 10 of the West Virginia Constitution. "The due process of law guaranteed by the State and Federal Constitutions, when applied to procedure in the courts of the land, requires both notice and the right to be heard." Syl. Pt. 2, *Simpson v. Stanton*, 119 W. Va. 235, 193 S.E. 64 (1937). This Court has made it clear that these due process protections are afforded to those who seek modification of custody orders. *See Crone v. Crone*, 180 W. Va. 184, 186, 375 S.E.2d 816, 818 (1988); *Tucker v. Tucker*, 176 W. Va. 80, 341 S.E.2d 700 (1986). Here, the petitioner was not afforded the opportunity to testify, present evidence, or cross-examine witnesses to support her motion. Moreover, the court relied on the fact that the DHS investigated the allegations and declined to file an abuse and neglect petition against the father but did not allow the petitioner to call the CPS worker who filed the report and was present in the courtroom as a witness. These actions clearly denied the petitioner due process. Therefore, the circuit court's order must be vacated and the matter remanded for further proceedings consistent with this decision. *See* Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009) (quoting Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001)) (requiring vacation and remand where "the process established by the [applicable rules and] statutes . . . has been substantially disregarded or frustrated").

The petitioner also argues that the circuit court's order denying the petition for modification of the parenting plan lacks sufficient findings of fact and conclusions of law. First, we must stress that West Virginia Code § 48-9-401(a) permits modification of a parenting plan if a court finds that "since the entry of the prior order . . . a substantial change has occurred in the circumstances of the child or of one of both parents and a modification is necessary to serve the best interests of the child." Additionally, modification of a parenting plan is permitted, without a substantial change of circumstances, if the court "finds that the plan is not working as contemplated and in some specific way is manifestly harmful to the child." *Id*. § 401(b). Here, the court failed to apply the appropriate standards when it denied the petitioner's motion, as its denial was solely based on the fact that the DHS did not substantiate the petitioner's allegations of abuse or neglect against the father. Critically, the petitioner alleged certain facts that, if proven, could warrant a modification of the parenting plan according to the applicable statutory standards, but not substantiation of abuse and neglect allegations. This error is compounded by the circuit court's failure to adopt sufficient findings of fact and conclusions of law in its order denying the petitioner's motion. The circuit court's one-page order contains no findings of fact related to its ultimate decision, other than its one finding that the DHS did not substantiate the allegations of abuse and neglect. Because the court's decision lacks supportive findings applying the controlling statutes, we must vacate the circuit court's order. *See Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996) ("The order must be sufficient to indicate the factual and legal basis for the . . . ultimate conclusion

---

[3] At the outset, we note that the circuit court retained jurisdiction over the child's placement pursuant to Rule 6 of the West Virginia Rules of Procedure for Child Abuse and Neglect, which provides that once an abuse and neglect petition is filed, the circuit court retains jurisdiction over the child while the case is pending and also over any subsequent modifications or changes in placement or visitation, absent certain exceptions that are not applicable here.

so as to facilitate a meaningful review of the issues presented. Where the lower tribunals fail to meet this standard—i.e. making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development.").

For the foregoing reasons, we hereby vacate the April 28, 2025, order denying the petitioner's motion for modification of the parenting plan. Furthermore, we remand this case to the circuit court with instructions to hold a new hearing on the petitioner's motion for modification consistent with this decision and, thereafter, to enter a new order containing appropriate findings of fact and conclusions of law. We direct the Clerk of this Court to issue the mandate contemporaneously with this memorandum decision.

Vacated; Remanded with Instructions.

**ISSUED**: May 6, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III