GEORGE GLENN SHACKLEFORD

*v.*

LYLE S. CATLETT, EDMOND S. WILLIAMS,

JOHN EVANS WRIGHT AND ROBERT L. BURKHART

(No. 13996)

Decided May 16, 1978.

*Rice, Hannis & Douglas, Charles F. Printz, Jr., Richard L. Douglas* for appellant.

*Patrick G. Henry III*, Prosecuting Attorney, for appellees.

CAPLAN, CHIEF JUSTICE:

This is an appeal from a final order of the Circuit Court of Berkeley County wherein that court granted summary judgment for the defendants and dismissed the action. The plaintiff in that action, George Glenn Shackleford, was a deputy sheriff in Berkeley County; defendant Catlett was the sheriff and defendants Williams, Wright and Burkhart were members of the County Court [now Commission] of Berkeley County.

The plaintiff instituted an action against the defendants in their official capacities seeking the recovery of damages for injuries resulting from their alleged negligence. Shackleford charged in his complaint that, in the course of his employment as a deputy sheriff, he was severely and permanently injured and that such injury was caused by the negligence of the defendants, either independently or as joint tort feasors. He alleged that while he and fellow deputy Grayson Davis were attempting to serve a felony warrant on Herbert Smith, he was shot and seriously injured by Smith. In his amended complaint he also charged deputy Davis with negligence, although he did not seek recovery from him.

The specific negligence of Davis was set out in the plaintiff's answer to the defendants' interrogatory. Therein the plaintiff related that while he was attempting to arrest Smith, Davis "neglected, failed and refused to cover and protect Plaintiff with a shotgun, in complete disregard of Plaintiff's instructions".

An "Agreed Statement of Facts" was executed by the parties and filed for the court's consideration. In addition to the foregoing, it was agreed that on May 18, 1974, the date of the injury, the County Court of Berkeley County was not a subscriber to the West Virginia Workmen's Compensation Fund; that the plaintiff received full pay during the period that he was unable to work; that there were no actual acts of negligence on the part of any defendant; and that certain medical expenses were incurred by the plaintiff as a result of the subject injuries.

By order entered December 20, 1976, the court granted summary judgment in favor of all the defendants and made the following conclusions of law: (1) that on May 18, 1974, Shackleford and Davis were fellow-servants; (2) that plaintiff's only theory as to the defendants' liability is the imputation to the defendants of the negligent acts of a fellow-servant: (3) that pursuant to *W.Va. Code*, 23-2-1, in effect on May 18, 1974, the defendants were not required to be subscribers to the workmen's compensation fund; and, (4) that pursuant to *W.Va. Code*, 23-2-8, in effect on May 18, 1974, the defense of fellow-servant was available to the defendants and was affirmatively pleaded by them in their answer. Upon this appeal we affirm the judgment of the circuit court.

Although it was not mentioned in the trial court, the appellant on this appeal raises for the first time the issue of governmental immunity. He contends that a county court is not or should not be immune from suit. Not having been raised below, we need not and do not decide that issue. *See*, however, *Boggs v. Board of Education of Clay County et al.*, ____ W. Va. ____, ____ S.E. 2d ____. (#13824 decided April 7, 1978)

In a long line of cases this Court has consistently held, as reflected in Syllabus No. 1 of *Mowery v. Hitt*, 155 W. Va. 103, 181 S.E. 2d 334 (1971): "In the exercise of its appellate jurisdiction, this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been tak-

en." *See Adams v. Bowens,* ___ W. Va. ___, 230 S.E. 2d 481 (1976); *Tomkies v. Tomkies,* ___ W. Va. ___, 215 S.E. 2d 652 (1975); *Parker v. Knowlton Construction Co.,* ___ W. Va. ___, 210 S.E. 2d 918 (1975); *Boury v. Hamm,* 156 W. Va. 44, 190 S.E.2d 13 (1972); and *Wilkinson v. Searls,* 155 W. Va. 475, 184 S.E.2d 735 (1971).

It is the position of appellant Shackleford that *W.Va. Code,* 23-2-1, as amended, is unconstitutional as being violative of the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article III, Section 17 and Article VI, Section 39 of the West Virginia Constitution. That statute, as it read on May 18, 1974, provided that the "State of West Virginia and all governmental agencies or departments created by it, including county boards of education, are hereby required to subscribe to and pay premiums into the workmen's compensation fund . . ." It gave county courts [now county commissions] the option to subscribe or not subscribe to the fund. The statute further provided that Section 8 of said Article 2 "shall not apply to such county courts . . . [and] that the failure of such county courts . . . to elect to subscribe to and to pay premiums into the workmen's compensation fund shall not impose any liability upon them, other than such liability as would exist notwithstanding the provisions of this chapter." Section 8 provided that a county court would not be deprived of its common law defenses by not subscribing to the fund.

Contrary to the contention of the plaintiff, by permitting county courts the option to subscribe or not subscribe to the workmen's compensation fund the legislature did not deny equal protection of the law to employees of county courts electing not to subscribe to the funds, nor does this constitute objectionable special or class legislation.

In *State ex rel. Piccirillo v. City of Follansbee,* ___ W. Va. ___, 233 S.E.2d 419 (1977), this Court discussed the two tests utilized to determine whether a state classification violates the equal protection guarantee. The traditional test required the court to determine whether

the challenged classification rests on grounds wholly irrelevant to the achievement of a valid state purpose. The compelling interest test requires the state to demonstrate a compelling interest in support of the challenged classification.

This Court in *Cimino v. Board of Education of the County of Marion,* ___ W. Va. ___, 210 S.E.2d 485 (1974) said:

> Whether a statute or governmental action violates the Equal Protection Clause is a determination made by the application of one of two constitutional tests. The more demanding test relates to statutes which impinge upon sensitive and fundamental rights and constitutional freedoms such as religion and speech. In order to uphold such a statute, a reviewing court must find that a compelling state interest is served by the classification. [citing U.S. cases]

> In all other instances, the constitutionality of a statute, challenged under the Equal Protection Clause, is subject to the traditional standard requiring that the state law be shown to bear some rational relationship to legitimate state purposes. [citing U.S. case] Under this test, the court must consider whether the classification is a rational one based on social, economic, historic or geographical factors; whether the classification bears a reasonable relationship to a proper governmental purpose; and whether all persons within the classes established are treated equally.

From the above quote, it becomes clear that the traditional test or standard is applicable to the instant case. We must determine whether the challenged state statute [23-2-1] bears some rational relationship to legitimate state purposes; whether the classification is a rational one based on social, economic, historic or geographical factors; whether the classification bears a reasonable relationship to a proper governmental purpose; and, whether all persons within the classes are treated equally.

The appellant argues that the class involved here consists of all employees of all county courts in the state. He concludes that those employees who work for a county court that elected not to subscribe to the fund are denied equal protection of the law. We disagree. The class of employees referred to here consists of all employees of *a* county court, not all employees of all county courts. Thus, all employees of the county court [now county commission] of Berkeley County must be treated equally. Such employees, however, need not receive the same treatment as, for example, the employees of the county commission of Kanawha County. Counties with a strong tax base are more able to pay higher salaries and provide additional benefits than counties with less taxes available.

The legislature, in enacting *W.Va. Code*, 23-2-1, as amended, recognized that all county courts were not financially able to provide compensation coverage for their employees. It therefore provided those counties which could afford such coverage a means to do so. Certainly, under the traditional standard referred to in *Cimino*, the classification is a reasonable one based on social and economic factors.

In its wisdom, the legislature, in effect, said that it would not deprive employees of all county courts coverage under the workmen's compensation fund merely because some county courts were financially unable or were unwilling to subscribe to the fund. This classification bears a reasonable relationship to a proper governmental purpose. Furthermore, it cannot be denied that all persons within the class, that is, all employees of the county court of Berkeley County were treated equally.

Shackleford was not, as contended, denied of a remedy when he was not permitted to recover from the county court in this instance. His remedy lies against the perpetrator of the act which resulted in his injury. In order to recover against the county court the plaintiff must prove negligence and that such negligence was the proximate cause of his injuries. To that action the defen-

dants affirmatively pleaded as a defense the fellow-servant rule. That the alleged negligence complained of was committed by a fellow-servant was admitted; that such defense is available to the county court is clear from an examination of *W.Va. Code*, 23-2-8, as amended. The pleading of the fellow-servant rule, together with the stipulation by the plaintiff that the defendants had committed no acts of negligence, creates a complete defense demonstrating that the action was not maintainable against these defendants. This being so, the action of the trial court in granting summary judgment was correct.

In view of our holding that *W.Va. Code*, 23-2-1, as amended, is not violative of equal protection of law, we hold that such is not class or special legislation as prohibited by Article VI, Section 39 of the West Virginia Constitution. This objection is answered by Point 7 of the Syllabus of *State ex rel. Heck's v. Gates*, 149 W. Va. 421, 141 S.E. 2d 369 (1965), which reads as follows:

> The constitutional requirement that a law be general does not imply that it must be uniform in its operation and effect in the full sense of its terms. If a law operates alike on all persons and property similarly situated, it is not subject to the objection of special legislation or class legislation and does not violate the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

The subject statute [23-2-1] "operates alike on all persons and property similarly situated", that is, on all employees of the then county court of Berkeley County.

For the reasons stated herein, the judgment of the Circuit Court of Berkeley County is affirmed.

*Affirmed.*