453 S.E.2d 331

STATE of West Virginia ex rel. the WEST VIRGINIA DEPARTMENT OF TRANSPORTATION, HIGHWAYS DIVISION, a West Virginia Governmental Entity, Petitioner,

v.

Honorable John T. MADDEN, Judge of the Circuit Court of Marshall County, and Patricia E. McLaughlin, an Incompetent, Who Sues By and Through Her Duly Appointed Committee, Cynthia J. Ward, Respondents.

No. 22497.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 1, 1994.

Decided Dec. 8, 1994.

498

to prohibit the respondent judge, the Honorable John T. Madden, Judge of the Circuit Court of Marshall County, from proceeding with the trial in the case styled *Patricia E. McLaughlin, an incompetent, who sues by and through her duly appointed committee, Cynthia J. Ward v. the West Virginia Department of Transportation, Highways Division, a West Virginia governmental entity, and Ross W. Campbell, and Motorists Mutual Insurance Company.* The DOH asserts that the limits of the insurance policy, $1,000,000, have been deposited with the Clerk of the Circuit Court of Marshall County, and the DOH is constitutionally immune from any additional claims.

I

On March 17, 1990, Pat McLaughlin was involved in a collision when co-defendant, Ross Campbell, crossed the center line and collided head-on with her vehicle. Apparently, the accident occurred on a portion of the highway, State Route 86 in Marshall County, that was under construction. The project involved resurfacing of the road and the replacement of existing guardrails.

Ms. McLaughlin apparently suffered severe injuries. She continues rehabilitation but remains in a wheelchair due to injuries that prevent her from walking independently. In addition, she apparently has suffered debilitating injuries involving short-term memory, pulmonary and various ligament impairments.

Daniel R. Schuda, Steptoe & Johnson, Charleston, for petitioner.

G. Charles Hughes, G. Charles Hughes, L.C., Moundsville, Robert P. Fitzsimmons, Fitzsimmons Law Offices, Joseph J. John, John & John, Wheeling, for respondent Patricia E. McLaughlin.

PER CURIAM:

In this prohibition proceeding, the petitioner, the West Virginia Department of Transportation, Highways Division ("DOH"), seeks

II

The case went to trial, and the jury returned a verdict in favor of the DOH. However, on October 25, 1993, pursuant to Rule 50(b) of the *West Virginia Rules of Civil Procedure* the respondent judge entered judgment for the plaintiff below, Pat McLaughlin, notwithstanding the verdict on the question of liability. The trial court found that Ms. McLaughlin proved that the DOH was negligent for failing to erect guardrails in the area of the accident for five months after taking down the old guardrails. Thus, the court stated that the jury in this case, where there was no conflicting testimo-

ny, should have returned a verdict for Ms. McLaughlin. The trial court further ordered a trial on the remaining issue of damages. On June 8, 1994, this Court denied the DOH's petition for appeal. The trial court subsequently set September 19, 1994, as the trial date for the resolution of this issue.

According to the DOH, it then made an offer of judgment of the limits of the insurance coverage of $1,000,000 and deposited the money with the circuit court clerk.[1] The DOH filed a motion to dismiss the damage claim with an affidavit of James L. Boone, the claims manager of the West Virginia Board of Risk and Insurance Management. Mr. Boone attested to the fact that the DOH has $1,000,000 in single limits insurance coverage. The trial court subsequently denied the DOH's motion.

### III

■ The parameters for determining whether a writ of prohibition shall be issued are set forth in syllabus point 1 of *State ex rel. Williams v. Narick,* 164 W.Va. 632, 264 S.E.2d 851 (1980):

'Where prohibition is sought to restrain a trial court from the abuse of its legitimate powers, rather than to challenge its jurisdiction, the appellate court will review each case on its own particular facts to determine whether a remedy by appeal is both available and adequate, and only if the appellate court determines that the abuse of powers is so flagrant and violative of petitioner's rights as to make a remedy by appeal inadequate, will a writ of prohi-

bition issue.' Syl. pt. 1, *Woodall v. Laurita,* 156 W.Va. 707, 195 S.E.2d 717 (1973).

Article VI, § 35 of the *West Virginia Constitution* provides:

The State of West Virginia shall never be made defendant in any court of law or equity, except the State of West Virginia, including any subdivision thereof, or any municipality therein, or any officer, agent, or employee thereof, may be made defendant in any garnishment or attachment proceeding, as garnishee or suggestee.

A more specific declaration on the issue of the State's immunity with regard to state roads is found in *W.Va.Code,* 17–4–37 [1933]: "The State shall not be made the defendant in any proceeding to recover damages because of the defective construction or condition of any state road or bridge." However, *W.Va.Code,* 29–12–5(a) [1986] has carved out an exception to the sovereign immunity bestowed upon the State:

The [state board of risk and insurance management] shall have general supervision and control over the insurance of all state property, activities and responsibilities, including the acquisition and cancellation thereof; determination of amount and kind of coverage ... and coverage of all such state property, activities and responsibilities. Any policy of insurance purchased or contracted for by the board shall provide that the insurer shall be barred and estopped from relying upon the constitutional immunity of the state of West Virginia against claims or suits.... It shall endeavor to secure the maximum of

1. We further note the settlement negotiations that transpired in this case:

*January 28, 1994:* Ms. McLaughlin demanded from the DOH the full policy limits of all applicable insurance policies, including primary and excess coverages.

*July 1, 1994:* According to Ms. McLaughlin, the DOH offered what was purported to be the policy limits of $1,000,000. Because counsel for Ms. McLaughlin was unable to verify the policy limits, Ms. McLaughlin countered with an offer on July 15, 1994, requesting the following: (1) the entry of an agreed judgment of $6,000,000 to be entered in her favor and against the DOH; (2) the DOH would pay upon execution of the settlement the sum of $1,000,000; (3) the complaint would be amended to include an action for declaratory judgment to determine the amount of

insurance coverage available; (4) upon a final decision of the declaratory judgment action, the parties will be bound by such decision and liability would be limited to the $6,000,000.

*August 19, 1994:* The DOH refused to stipulate to Ms. McLaughlin's proposal but renewed its offer of $1,000,000.

*August 22, 1994:* Ms. McLaughlin declined to accept the DOH's settlement offer.

*August 30, 1994:* Pursuant to Rule 68 of the *W.Va.R.Civ.P.,* the DOH made an offer of judgment in the amount of $1,000,000.

*September 19, 1994:* Ms. McLaughlin, pursuant to Rule 68(b)(3) of the *West Virginia Rules of Civil Procedure,* accepted the offer of $1,000,000 tendered by the DOH as partial payment only and asserted that she will proceed against the DOH on the issue of damages.

protection against loss, damage or liability to state property and on account of state activities and responsibilities by proper and adequate insurance coverage[.][2] (footnote added).

■ A primary case addressing the deviation from the constitutional mandate is *Pittsburgh Elevator Co. v. W.Va. Board of Regents,* 172 W.Va. 743, 310 S.E.2d 675 (1983). Specifically, this Court held: "Suits which seek no recovery from state funds, but rather allege that recovery is sought under and up to the limits of the State's liability insurance coverage, fall outside the traditional constitutional bar to suits against the State." *Id.* at syl. pt. 2. More recently, this Court has pointedly acknowledged:

> W.Va.Code, 29–12–5(a) (1986), provides an exception for the State's constitutional immunity found in Section 35 of Article VI of the West Virginia Constitution. It requires the State Board of Risk and Insurance Management to purchase or contract for insurance and requires that such insurance policy 'shall provide that the insurer shall be barred and estopped from relying upon the constitutional immunity of the State of West Virginia against claims or suits.'

Syl. pt. 1, *Eggleston v. West Virginia Department of Highways,* 189 W.Va. 230, 429 S.E.2d 636 (1993).

■ Therefore, there are instances in which the State may be a defendant at trial for the commission of alleged negligent acts. Yet, these cases stand for the proposition that coverage for such liability accruing from alleged negligent acts by the State is covered by the limits of the State's liability insurance coverage and not state funds. Immunity is relaxed only to the extent of the liability insurance coverage. *See Pittsburgh Elevator, supra.*

■ The DOH contends that it has liability coverage as procured by the board of risk and insurance management up to $1,000,000, and as a result, it is immune from any further claims in this case. Ms. McLaughlin

questions the limits of the State's liability insurance, and therefore, she asks for her right to a jury trial pursuant to article III, § 13 of the *W.Va. Const.* and Rule 38(a) of the *W.Va.R.Civ.P.*

We are of the opinion that the case should be allowed to proceed to judgment. This case falls outside of the traditional constitutional bar. The DOH has been adjudicated liable and now damages and the limits of the DOH's liability insurance coverage must be determined. The record before this Court does not include the actual policy in question. At oral argument before this Court, counsel for Ms. McLaughlin noted that he had not seen the policy in question and renewed his request to see the policy. Quite clearly, a final determination by the trial court as to the limits of insurance coverage available in this case is necessary. Additionally, the extent of the DOH's liability in this case is a question for the jury. With these questions not yet answered, it is premature to discuss the extent of the State's liability coverage in this opinion any further.

Accordingly, we cannot affirmatively state what the DOH's liability insurance policy limits are because the record has not been sufficiently developed. The control of the litigation herein lies with the trial court, and up to this point, we do not have a ruling from the trial court as to what are the actual policy limits. Until such a determination is rendered, we decline to further address this issue, or any other arguments raised by the parties. *See* syl. pt. 1, *Shackleford v. Catlett,* 161 W.Va. 568, 244 S.E.2d 327 (1978).

Therefore, it is our opinion that the trial court did not abuse its discretion in denying the DOH's motion to dismiss and scheduling this matter for a jury trial on the damages issue. Ms. McLaughlin has the right to pursue her claim to judgment. However, we emphasize that because the DOH remains in the case, based on the record before us, the DOH is liable only up to the limits of its liability insurance.

---

**2.** The interpretation of this statute as it relates to the duties of the State Board is not before the

Court in this prohibition proceeding.

Thus, for the reasons set forth herein, and as stated in *State ex rel. Williams v. Narick, supra,* the writ of prohibition is denied, and the parties will be allowed to proceed to judgment.

Writ denied.

BROTHERTON, C.J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.