370 S.E.2d 138

**Dorothy Mae CLINE**

v.

**James E. ROARK, Mayor, etc.; the City of Charleston, etc.; the Police Civil Service Commission, et al.**

**No. 17567.**

Supreme Court of Appeals of West Virginia.

June 3, 1988.

Gary A. Collias, McIntyre, Haviland & Jordan, Charleston, for appellants.

Christopher S. Butch, Charleston, for appellee.

**PER CURIAM:**

The City of Charleston and the Charleston Police Civil Service Commission (Commission) appeal from an October 22, 1986 order of the Circuit Court of Kanawha County, which reversed the ruling of the Commission and reinstated Dorothy Mae Cline as a Charleston police officer. The appellants assert that the circuit court did not accord appropriate deference to the factual determination of the Police Civil Service Commission which was not clearly wrong. We agree, and we reverse the circuit court.

The mayor dismissed Officer Cline for violating Policy and Procedures Manual, Section 1401.35,[1] which prohibits lying to a police officer during an internal investigation. Specifically, she gave a false statement concerning the length of her acquaintance with one Charles Douglas Allen, a convicted felon. The police department initiated the internal investigation based on a complaint by Mr. Allen against Officer John Chandler regarding an incident which occurred in May, 1984.

During the investigation, Officer Cline, represented by her attorney, gave a statement that she was not acquainted with Mr. Allen prior to April, 1984, that she did not know him socially, and that he did not know she was a police officer. Statements were obtained from other witnesses alleging that in the fall of 1983, Officer Cline and Mr. Allen knew each other socially. Also, Mr. Allen allegedly repaired a broken water pipe for Officer Cline in the fall of 1983. At the conclusion of the investigation, the mayor sent a dismissal letter to Officer Cline on January 25, 1985. Officer Cline appealed and hearings were held before the Commission.[2]

During the hearings, the city presented as witnesses the persons whose statements had provided the basis for the mayor's actions. Mr. Allen did not testify. Officer Cline presented three witnesses whose testimony the Commission found "did not go

---

1. The full text of the manual section is not part of the record before this Court.

2. W.Va.Code, 8–14–20 (1980), sets forth procedures and hearing requirements to be followed when a police department removes, discharges, suspends, or reduces the rank or pay of a police officer.

to the merits of the alleged misconduct and lacked the factual content necessary to overcome the testimony of the City's witnesses." The Commission concluded that Officer Cline's testimony was not credible and did not afford it any weight. The Commission found just cause for the dismissal.

Officer Cline appealed to the Circuit Court of Kanawha County which, in an order dated October 22, 1986, reversed the Commission. The circuit court reviewed the record, reassessed the credibility of the witnesses, and concluded that the city's minimal *prima facie* case completely failed in light of the reevaluated evidence. The court then stated that, as a matter of law, the Commission's decision was incorrect because the city had failed to meet its burden of proof.

In the single Syllabus of *Futey v. City of Wheeling*, 177 W.Va. 477, 354 S.E.2d 111 (1986), we said:

> " ' "A final order of a police civil service commission based upon a finding of fact [should] not be reversed by a circuit court unless it is clearly wrong or is based upon a mistake of law." Syllabus Point 1, *City of Logan v. Dingess*, 161 W.Va. 377, 242 S.E.2d 473 (1978), quoting, Syl. pt. 1, *Appeal of Prezkop*, 154 W.Va. 759, 179 S.E.2d 331 (1971).' Syllabus, *Pryor v. Hutchinson*, [167] W.Va. [679], 280 S.E.2d 325 (1981)."

*See Bays v. Police Civil Service Comm'n*, 178 W.Va. 756, 364 S.E.2d 547 (1987); *City of Parkersburg v. Skinner*, 176 W.Va. 657, 346 S.E.2d 808 (1986); *Martin v. Pugh*, 175 W.Va. 495, 334 S.E.2d 633 (1985); *Kendrick v. Johnson*, 167 W.Va. 269, 279 S.E.2d 646 (1981); *City of Beckley v. Price*, 164 W.Va. 423, 264 S.E.2d 468 (1980).

■ Contrary to this well settled principle, the circuit court in this case relied upon its own determination of witness credibility rather than giving deference to the factfinder. While the circuit court went on to find as a matter of law that the city failed to meet its burden of proof, we cannot agree with this finding. The legal conclu-

sion is based on an impermissible usurpation of the factfinder's role.

■ Officer Cline also asserts that the Commission dismissed her in a manner which violated both her statutory and constitutional due process rights. She contends that W.Va.Code, 8–14A–3(a) (1982), entitles a police officer to a hearing prior to any disciplinary or punitive action. She also relies on *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), for the proposition that when a public employee has a property interest in his or her job, a pretermination hearing is mandated by the Due Process Clause of the Fourteenth Amendment. She raised this issue before the circuit court, which found it unnecessary to address. The circuit court instead based its reversal of the Commission on the facts of the case. The issue, therefore, is not properly presented for decision on this appeal. As a general rule, we have held as stated in Syllabus Point 2 of *Duquesne Light Co. v. State Tax Dept.*, 174 W.Va. 506, 327 S.E.2d 683 (1984):

> " 'This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance.' Syllabus Point 2, *Sands v. Security Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958)."

*See also Randolph v. Koury Corp.*, 173 W.Va. 96, 312 S.E.2d 759 (1984); *Wells v. Roberts*, 167 W.Va. 580, 280 S.E.2d 266 (1981); *Shackleford v. Catlett*, 161 W.Va. 568, 244 S.E.2d 327 (1978); *City of Huntington v. Chesapeake & Potomac Tel. Co.*, 154 W.Va. 634, 177 S.E.2d 591 (1970).

After a careful review of the Commission's opinion, we cannot conclude that it is based either upon a finding of fact which was clearly wrong or a mistake of law. Accordingly, we conclude that it should have been affirmed by the circuit court.

The judgment of the Circuit Court of Kanawha County is, therefore, reversed.

Reversed.