499 S.E.2d 858

Roger L. CLARK, Jr. Individually, and Charlotte Clark, Individually and as Guardian and Next Friend of Roger L. Clark, Jr., Plaintiffs Below, Appellants,

v.

Eugene SHORES d/b/a Quality Auto Sales of Martinsburg, A Sole Proprietorship, and West Virginia Department of Motor Vehicles, a department of the State of West Virginia, Defendants Below,

Eugene Shores d/b/a Quality Auto Sales of Martinsburg, A Sole Proprietorship, Defendant Below, Appellee.

No. 24123.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 15, 1997.

Decided Dec. 11, 1997.

Dissenting Opinion of Justice Maynard Dec. 19, 1997.

Charles F. Printz, Jr., Bowles, Rice, McDavid, Graff & Love, Charleston, for Department of Motor Vehicles.

PER CURIAM:[1]

This is an appeal by Roger L. Clark, Jr. and Charlotte Clark, appellants/plaintiffs (Clarks),[2] from an adverse summary judgment ruling by the Circuit Court of Berkeley County. The Clarks filed this action on the theory of negligent entrustment of an automobile. The circuit court, upon finding no genuine issue of material fact in dispute, granted summary judgment to Eugene Shores d/b/a Quality Auto Sales of Martinsburg, appellee/defendant (Quality).[3] In this appeal the Clarks contend that material issues of fact were in dispute which precluded summary judgment.[4] We agree.

I.

On March 26, 1993, Roger L. Clark, Jr. (Roger), who was sixteen years old at the time, appeared on the car lot of Quality. Roger was approached by a salesman for Quality, Charles Willard (Mr. Willard). The parties agree that Mr. Willard allowed Roger to test drive a 1980 Chevrolet Camaro.[5] The

Laura R. Rose, Mary E. Binns, Rose & Associates, Martinsburg, for Appellant.

Patrick J. Nooney, Nooney & Doyle, Hagerstown, MD, for Appellee.

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992) (*"Per curiam* opinions ... are used to decide only the specific case before the Court; everything in a *per curiam* opinion beyond the syllabus point is merely obiter dicta.... Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published *per curiam* opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a *per curiam* opinion.").

2. Roger is a minor. This case was initiated by his mother, Mrs. Charlotte Clark. Mrs. Clark also sought recovery in this case individually.

3. The West Virginia Department of Motor Vehicles (DMV) was also named as a defendant in this case. The circuit court granted the DMV's motion for summary judgment. We granted this appeal only as to the summary judgment ruling in favor of Quality.

4. The Clarks ask this Court to adopt a pure comparative negligence rule for use in this case. That issue is not properly before this Court. "The courts of this State have no jurisdiction ... if no justiciable controversy exists.... Courts are not constituted for the purpose of making advisory decrees or resolving academic disputes." *Town of South Charleston v. Board of Ed. of Kanawha County*, 132 W.Va. 77, 83, 50 S.E.2d 880, 883 (1948) (citations omitted).

5. Unbeknownst to Mr. Willard, Roger's license was suspended effective May 4, 1993, as a result of school truancy. The record indicates that Roger had not received, at the time he test drove the car, notice from the DMV that his license was suspended. However, the suspension was entered into the DMV's computer system at the time of this incident. The Clarks contend that Roger did not have a valid driver's license when he drove off the lot with the car. Based upon the undisputed report from the DMV that Roger's license suspension was not effective until May 4, 1993, the plaintiffs' position on this issue is wrong. Roger had a valid license when he drove off the car lot.

parties disagree as to whether Roger was in the company of an adult at the time he was given the car keys. Mr. Willard's affidavit indicates that an "older gentleman" was with Roger and that Roger stated that the "individual was his dad." Roger's affidavit indicates that no one was with him and that he advised Mr. Willard he was going to drive the car to his father's place of employment so that his father could see the car. Shortly after leaving the car lot, Roger picked up a female companion named Kelley J. Markley. At some point after picking up Kelley, Roger lost control of the vehicle and drove off the road into a tree stump. Roger and Kelley sustained injuries.[6] The Clarks filed this lawsuit against Quality alleging liability based upon the theory of negligent entrustment of an automobile. Quality moved for summary judgment. The circuit court granted the motion for summary judgment. This appeal followed.

## II.

■ This Court reviews an order granting summary judgment de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Summary judgment is inappropriate when there are genuine issues of material fact in dispute. Syl. Pt. 3, *Aetna Casualty & Surety Co. v. Federal Ins. Co. of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963). This Court held in syllabus point 3 of *Fayette County Nat. Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997) that:

Although our standard of review for summary judgment remains de novo, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed.

The summary judgment order in this case falls short of the standard articulated in *Lilly*. However, the ultimate disposition of this case turns on another issue. In syllabus point 12 of *Payne v. Kinder*, 147 W.Va. 352, 127 S.E.2d 726 (1962) we held that

An owner who entrusts his motor vehicle to a person whom he knows, or from the circumstances is charged with knowing, to be incompetent or unfit to drive it is liable for injury inflicted which results from the use of the automobile by the driver if the injury was proximately caused by the disqualification, incompetency, inexperience, intoxication or recklessness of the driver.

*See also* Syl. Pt. 11, *Payne*.[7] The material issues of fact in dispute in this case are: (1) whether Roger was an inexperienced, incompetent or reckless driver and (2) if so, whether Quality knew or should have known Roger was an inexperienced, incompetent or reckless driver based upon the totality of the circumstances.[8] The affidavits of Mr. Willard and Roger presented conflicting state-

**6.** The record indicates that Kelley subsequently filed a lawsuit against Roger for the injuries she sustained.

**7.** The parties have asked the Court to determine whether *Payne*, in fact, authorizes a cause of action between an entrustor and entrustee. The Clarks contend that such an action is permitted by *Payne*. The Clarks further contend that if this Court disagrees with their reading of *Payne* then this Court should recognize such a cause of action. Quality argues that *Payne* does not recognize an entrustor and entrustee cause of action and that this Court should not permit such a cause of action. The argument presented by the parties to this Court was not presented to the circuit court. The summary judgment ruling by the circuit court was not based upon the negligent entrustment issue. "Our general rule in this regard is that, when nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court,

they will not be considered on appeal." *Whitlow v. Board of Educ. of Kanawha County*, 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993). Citing *Shrewsbury v. Humphrey*, 183 W.Va. 291, 395 S.E.2d 535 (1990); *Cline v. Roark*, 179 W.Va. 482, 370 S.E.2d 138 (1988); *Crain v. Lightner*, 178 W.Va. 765, 364 S.E.2d 778 (1987); *Trumka v. Clerk of the Circuit Court*, 175 W.Va. 371, 332 S.E.2d 826 (1985). We decline to address the issue in this appeal. We treat the matter as though the parties stipulated to such a cause of action for purposes of this appeal. On remand, the parties should properly present the issue to the circuit court for its ruling.

**8.** Nothing appears in the record before this Court which suggests Roger may have been intoxicated. We have already determined that Roger had a valid license and was therefore not disqualified from driving at the time of this incident.

ments concerning the material factual issues in question.[9] Summary judgment was prematurely granted by the circuit court. Therefore, the order granting summary judgment must be reversed.

Reversed.

MAYNARD, Justice, dissenting:

Roger Clark takes a car from Quality Auto Sales to test drive. Roger was then sixteen years old, had a valid West Virginia driver's license and was not intoxicated or impaired in any way. Also, the car had no defects and was completely safe and roadworthy. These facts are all undisputed.

Roger drives off and later wrecks the car. It was a single car accident caused entirely by Roger's negligence. Now Roger wants Quality to pay *him* for giving him the car that he wrecked to test drive!

The trial court properly granted summary judgment in favor of Quality. Now this Court has reversed the trial court's wise and appropriate dismissal and sent the case back for trial.

In footnote 7, the majority opinion states that summary judgment, which was granted to Quality by the circuit court, was not based on the negligent entrustment issue because that issue was not presented to the trial court. The majority goes on to state that this Court generally does not consider on appeal issues that were not decided at the trial court level. In fact, the majority specifically states, "We decline to address the issue [of negligent entrustment] in this appeal."

Nonetheless, I believe they have included in the opinion two syllabus points, Syllabus Point 4 and Syllabus Point 5, which directly concern negligent entrustment. And the decision in the case really turns on the issue of negligent entrustment.

I believe there are no factual issues in dispute regarding whether Roger Clark was "an inexperienced, incompetent or reckless driver" and whether the car lot should have known. The majority admits Roger had a valid driver's license and was in no way disqualified from driving at the time of this accident. The majority also admits there was absolutely no evidence presented to show Roger was in any way intoxicated or impaired at the time. Nevertheless, the majority goes on to conclude there are conflicting statements regarding factual issues. The opinion does not outline what these conflicting statements might be. I believe the facts in their present posture were sufficient for the trial court to properly enter summary judgment in favor of Quality. I also find it suspicious that even though affidavits were included from Roger and Charles Willard as to whether Roger's father accompanied Roger to the car lot, there is no affidavit from Roger's father stating whether or not he was there.

Injured *third* parties properly have a cause of action against an owner for negligent entrustment. But with this decision, an entrustee can now sue and recover from an entrustor in West Virginia. In plain language, this young man is saying, "I'm reck-

9. The Clarks also submitted an affidavit of William F. Kitzes, a purported expert on safety. The circuit court apparently rejected Mr. Kitzes as an expert on the issues in this case. So do we. It appears that Mr. Kitzes has qualified as an expert in consumer product safety. However, nothing contained in his affidavit or elsewhere in the record supports his alleged expertise in industry procedures for allowing minors to test drive vehicles. *See* Syl. Pt. 5, *Gentry v. Mangum,* 195 W.Va. 512, 466 S.E.2d 171 (1995) ("In determining who is an expert, a circuit court should conduct a two-step inquiry. First, a circuit court must determine whether the proposed expert (a) meets the minimal educational or experiential qualifications (b) in a field that is relevant to the subject under investigation (c) which will assist the trier of fact. Second, a circuit court must determine that the expert's area of

expertise covers the particular opinion as to which the expert seeks to testify."). Additionally, Mr. Kitzes erroneously concluded that Roger was not a validly licensed driver. Moreover, Mr. Kitzes based his contention that Quality was negligent in allowing Roger to test drive the car, in part, upon Quality's alleged failure to know that Roger should have been in school at the time of this incident. We are unprepared to force car dealers in this state to engage in the type of probing conduct suggested by Mr. Kitzes, when confronted with minors. This is an area that must be addressed, if at all, by the legislature. Finally, Mr. Kitzes' affidavit, at best, is conclusory and lacks any relevant analysis. "An expert's deposition or affidavit that is conclusory only is not sufficient to meet the burden on the party opposing the motion[.]" *Gentry,* 195 W.Va. at 519, 466 S.E.2d at 178.

less; you should have known I'm reckless and you should not have let me drive your car, but because you didn't know I was reckless, West Virginia will allow me to sue you." If this Court is going to allow such a cause of action, I believe the majority should also state that "one who accepts and uses a chattel knowing that he is incompetent to use it safely will usually be in such contributory fault as to bar recovery." Ward Miller, J.D., Annotation, *Negligent Entrustment: Bailor's Liability to Bailee Injured Through His Own Negligence or Incompetence*, 12 A.L.R.4th 1062 (1982).

What is really absurd about this case is that it allows someone to profit from his own wrong. That is simply not fair and it violates the old equity maxim which has been fundamental in law since Roman times. *Nemo ex proprio dolo consequitur actionem.* "No one maintains an action arising out of his own wrong." Except in West Virginia. For that reason, I respectfully dissent.