# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Perry B. Gains, Cathy Lynn Kovalck,
Ronald Earl Ashcraft, and P.G. Oil and
Gas, LLC, Plaintiffs Below, Petitioners**

**vs) No. 13-0118** (Harrison County 06-C-609)

**Cumberland Partnership, Defendant Below,
Respondent**

**FILED**

November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Perry B. Gains, Cathy Lynn Kovalck, Ronald Earl Ashcraft, and P.G. Oil and Gas, LLC, by counsel Stephen A. Wickland, appeal the final order of the Circuit Court of Harrison County, entered June 6, 2012, granting judgment in favor of Respondent Cumberland Partnership following a bench trial. Respondent appears by counsel Michael D. Crim and Jeffrey D. Volkenburg.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The individual petitioners in this case own the oil and gas located under a specific tract of land in Harrison County. They, together with the corporate petitioner which purports to hold the current lease to those oil and gas rights, filed a complaint on December 14, 2006, asserting that certain defendants who are not parties to this appeal had abandoned the gas lease and the Mary Brown well, located on that property, through non-production. It is undisputed that the well ceased productivity in 1985 and did not resume production until November of 2006. Respondent was not a defendant named in the complaint.

Respondent believed it acquired the Mary Brown well in 2005, and it collaborated with Petroleum Service Partners, Inc. ("PSP"), a service company that had begun repairing the well in 2004. Later, in February of 2009, respondent was added to the litigation as an indispensable party. By order entered on February 17, 2011, the circuit court concluded that the Mary Brown lease to the original defendants terminated by operation of law sometime prior to the transfer to respondent because the well was not producing and was incapable of producing.[1] The circuit

---

[1]West Virginia Code § 36-4-9a reads, in part:

1

court deferred ruling on respondent's claim for unjust enrichment.[2]

This case proceeded to trial, ultimately yielding the final order that is the subject of this appeal and awarding respondent $23,084.16 for the costs it had incurred bringing the Mary Brown well into production. In its order, the circuit court specifically found that an affidavit of non-production that Petitioner Gains prepared with Petitioner Kovalck in 2005 offered "ample evidence that [Petitioner Gains] was aware or should have been aware that Petroleum Service Partners had an interest in the subject well, yet notice was never provided to [d]efendants and significant costs were incurred by Petroleum Service Partners and [respondent] to bring the well into a producing state."[3]

On appeal, petitioners present three assignments of error. First, they argue that respondent was a trespasser and not entitled to the award of unjust enrichment. Second, they argue that even if respondent's trespass was innocent, the circuit court's award was excessive. Third, they argue that the circuit court "failed to follow established rules for unjust enrichment." We apply the standard for reviewing a judgment entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

Respondent counters that petitioner's first two assignments of error cannot be considered on appeal because petitioners did not raise the issue of trespass before the circuit court. Petitioners maintain, in their reply brief, that respondent was a trespasser, but do not explain

---

> There is a rebuttable legal presumption that the failure of a person, firm, corporation, partnership or association to produce and sell or produce and use for its own purpose for a period of greater than twenty-four months, subsequent to the first day of July, one thousand nine hundred seventy-nine, oil and/or gas produced from such leased premises constitutes an intention to abandon any oil and/or gas well and oil and/or gas well equipment situate on said leased premises, including casing, rods, tubing, pumps, motors, lines, tanks, separators and any other equipment, or both, used in the production of any oil and/or gas from any well or wells on said leasehold estate.

[2]It is not apparent to the from the appendix record at what point respondent first made this claim, but petitioners have not argued that the circuit court considered it inappropriately.

[3]In spite of this knowledge, petitioners did not institute this civil action until approximately one-and-a-half years after completing the affidavit of nonproduction, and approximately one month after respondent successfully brought the well into production.

when or how that question was presented to the circuit court. They argue only that "[t]he issues raised by [p]etitioners were not a surprise to [r]espondent." It is insufficient, however, for petitioners to conclusively assert that respondent had notice of a potential issue. Rule 10(c)(7) of our Rules of Appellate Procedure sets forth the following requirement:

> The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Generally, nonjurisdictional questions raised for the first time on appeal, will not be considered. *Whitlow v. Bd. of Educ. of Kanawha County*, 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993); *Shrewsbury v. Humphrey,* 183 W.Va. 291, 395 S.E.2d 535 (1990); *Cline v. Roark*, 179 W.Va. 482, 370 S.E.2d 138 (1988).

> The rationale behind this rule is that when an issue has not been raised below, the facts underlying that issue will not have been developed in such a way so that a disposition can be made on appeal. Moreover, we consider the element of fairness. When a case has proceeded to its ultimate resolution below, it is manifestly unfair for a party to raise new issues on appeal. Finally, there is also a need to have the issue refined, developed, and adjudicated by the trial court, so that we have the benefit of its wisdom.

*Whitlow*, 190 W.Va. at 226, 438 S.E.2d at 18. Inasmuch as petitioners have failed to show that the circuit court had an opportunity to consider any issue related to trespass, we disregard petitioners' first and second assignments of error.

We turn, then, to the final assignment of error, wherein petitioners argue that the circuit court "failed to follow established rules for unjust enrichment." The crux of this argument, as explained in petitioner's brief, is that unjust enrichment damages are measured by the greater of the enhanced market value or the cost of improvements to the property, but the circuit court instead applied some other standard.[4]

---

[4]In support, petitioners assert:

> This issue is complicated because the [c]ourt ordered reimbursement to [respondent], the [l]essor. All costs were incurred by Petroleum Service Partners, Inc. Both have common owners, yet neither [respondent] nor Petroleum Service Partners, Inc. could keep costs clearly defined or find and record title documents. Neither reported production to the State of West Virginia. Neither paid royalties to mineral owners. Together they spent [$23,084.16] to produce [$703.49] of gas and worked two . . . years to do it. Neither [respondent] nor Petroleum Service

We find that the circuit court's award of damages was supported by the record. At trial, Chuck Brown, PSP principal and part-owner of respondent, testified about work that PSP performed to bring the well into production. He testified that respondent and PSP tried to minimize the costs because the Mary Brown well was not a high-production well. Through Mr. Brown's testimony, respondent introduced a series of invoices documenting those costs. The circuit court reviewed the invoices and found all costs to be reasonable and necessary to draw production from the well. We note that petitioners enjoy the benefit of respondent's expenditures. After careful consideration of the parties' arguments and the appendix record, the Court finds that the circuit court did not abuse its discretion in the disposition of the case.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

Partners, Inc. could produce a check evidencing payment of any items in the Mary Brown well. Neither wants the unused meter or damaged pipe.

Petitioners offer no basis to support these factual assertions. We remind petitioners again that Rule 10(c) of the West Virginia Rules of Appellate Procedure requires that the statement of the case must be "[s]upported by appropriate and specific references to the appendix" and "[t]he argument must contain appropriate and specific citations to the record on appeal."

Insofar as petitioners appear to argue that they were entitled to an offset for equipment that they did not want, we note that they filed a motion in 2007 for temporary injunction to prohibit respondent from removing equipment from the well. Through an agreed order, the parties agreed that they would not remove any materials.

4