# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gregory Schillace,**
**Defendant Below, Petitioner**

**vs.)  No. 19-0705** (Kanawha County 17-C-1188)

**Brickstreet Mutual Insurance Company,**
**a West Virginia corporation,**
**Plaintiff Below, Respondent**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Gregory Schillace, self-represented litigant, appeals the Circuit Court of Kanawha County's July 8, 2019, order granting respondent's motion for summary judgment following petitioner's failure to respond to it or submit timely responses to respondent's discovery requests. Respondent Brickstreet Mutual Insurance Company, by counsel Arnold J. Janicker, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent Brickstreet Mutual Insurance Company ("Brickstreet") filed suit against petitioner Gregory Schillace and Dean Randolph on August 18, 2017, asserting a violation of West Virginia Code § 23-2A-1[1] and unjust enrichment. In the complaint, Brickstreet alleged that Mr. Schillace[2] represented Mr. Randolph in Mr. Randolph's suit against his employer following a work-related injury. Brickstreet provided workers' compensation insurance to the employer, and Mr. Randolph received benefits from Brickstreet under that coverage. Brickstreet asserted that Mr. Schillace and Mr. Randolph failed to protect Brickstreet's statutory right of subrogation following

---

[1] Under this statute, "if an injured worker . . . makes a claim against a third party and recovers any sum for the claim: . . . the private carrier . . . shall be allowed statutory subrogation with regard to indemnity and medical benefits paid as of the date of the recovery." W. Va. Code § 23-2A-1(b)(1).

[2] Mr. Schillace is a member of the West Virginia State Bar.

1

Mr. Randolph's settlement of his suit against his employer. Brickstreet also asserted that the failure to pay amounts owed resulted in Mr. Schillace's and Mr. Randolph's unjust enrichment.[3]

Mr. Schillace filed an answer and a counterclaim seeking a declaration that "the confidential settlement and release of employment related claims covers the subrogation claim asserted in this action." Mr. Schillace also served discovery requests upon Brickstreet, to which Brickstreet timely responded.

On December 6, 2017, Brickstreet served upon Mr. Schillace its first set of requests for admission, interrogatories, and requests for production of documents. Brickstreet sought various admissions from Mr. Schillace, including that Brickstreet's lien against settlement proceeds in Mr. Randolph's lawsuit against his employer totaled $59,025.06, and that Mr. Schillace had not paid Brickstreet any funds to satisfy its lien.

Mr. Schillace did not respond to the December 8, 2017, discovery requests. Accordingly, on January 17, 2018, in compliance with Rule 37 of the West Virginia Rules of Civil Procedure, counsel for Brickstreet wrote to Mr. Schillace to advise him of the overdue responses and request responses by January 22, 2018. Mr. Schillace responded to the January 17, 2018, letter, stating that due to his involvement in other matters, he would provide responses by February 9, 2018. No responses were forthcoming.

On April 8, 2019, Brickstreet filed a motion for summary judgment against Mr. Schillace, seeking judgment in the amount of $59,025.06, plus litigation costs and reasonable attorney's fees.[4] Alternatively, Brickstreet sought an order compelling discovery responses, which remained outstanding. Brickstreet's motion for summary judgment relied on various Rules of Civil Procedure. In particular, Brickstreet cited Rule 36, which provides, in relevant part, that a request for admission "is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter." As a result of the unanswered requests for admission, Mr. Schillace had admitted, among other things, that Brickstreet had a statutory lien and right of subrogation against

---

[3] Brickstreet resolved its claims against Mr. Randolph, and those claims were dismissed by the circuit court on March 22, 2019. Mr. Randolph is not involved in the instant appeal; accordingly, references to his involvement in the proceedings below prior to the dismissal of the claims against him are omitted from the factual recitation here.

[4] Initially, Mr. Schillace represented Mr. Randolph in the proceedings below. During the latter part of 2017, Brickstreet moved to disqualify Mr. Schillace from representing Mr. Randolph due to the conflict of interest present in that representation. The circuit court held a hearing on the motion on June 1, 2018, following several continuances. Mr. Schillace never provided a written response to the motion, but an attorney in his firm appeared to oppose it orally at the hearing. The circuit court granted the motion to disqualify on June 21, 2018, and Mr. Randolph was afforded forty-five days to retain new counsel. Proceedings related to the disqualification motion explain, at least partially, the amount of time that passed prior to Brickstreet filing its motion for summary judgment.

the settlement proceeds obtained in Mr. Randolph's lawsuit against his employer, that Mr. Schillace had not paid Brickstreet any funds to satisfy that lien, and that the lien totaled $59,025.06.[5] In support of the alternative relief sought, Brickstreet argued that Mr. Schillace's discovery responses were "clearly overdue" under the applicable discovery rules.

The circuit court heard Brickstreet's motion on June 19, 2019. Two days prior to that hearing, Mr. Schillace provided responses to the discovery requests, but he did not respond to the motion for summary judgment. By order entered July 8, 2019, the circuit court granted Brickstreet summary judgment in the amount of $59,025.06 and denied the alternative relief sought. The court concluded that, due to Mr. Schillace's failure to respond to Brickstreet's motion for summary judgment, there was no genuine issue of material fact, and Brickstreet was entitled to summary judgment. The court also dismissed with prejudice Mr. Schillace's counterclaim because the record was without evidence to support it. Mr. Schillace now appeals.

On appeal, Mr. Schillace argues that the circuit court erred in granting Brickstreet summary judgment for four reasons: (1) the court failed to consider the applicable two-year statute of limitations; (2) the court failed to consider Brickstreet's alleged failure to negotiate; (3) a full release was purportedly executed by Mr. Randolph's employer regarding all claims; and (4) Mr. Randolph was not fully compensated by the at-fault party in the litigation giving rise to Brickstreet's subrogation lien.

It is well established that we review de novo a circuit court's entry of summary judgment. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994); *Am. States Ins. Co. v. Surbaugh*, 231 W. Va. 288, 291, 745 S.E.2d 179, 182 (2013); *Elk Run Coal Co., Inc. v. Canopius U.S. Ins., Inc.*, 235 W. Va. 513, 517, 775 S.E.2d 65, 69 (2015). It is also well established, however, that "when nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court, they will not be considered on appeal." *Whitlow v. Bd. of Educ. of Kanawha Cty.*, 190 W. Va. 223, 226, 438 S.E.2d 15, 18 (1993) (citing *Shrewsbury v. Humphrey*, 183 W. Va. 291, 395 S.E.2d 535 (1990); *Cline v. Roark*, 179 W. Va. 482, 370 S.E.2d 138 (1988); *Crain v Lightner*, 178 W. Va. 765, 364 S.E.2d 778 (1987); *Trumka v. Clerk of the Cir. Ct.*, 175 W. Va. 371, 332 S.E.2d 826 (1985)).

Notably, Mr. Schillace does not challenge the basis upon which the circuit court relied to grant summary judgment in Brickstreet's favor. Instead, Mr. Schillace argues grounds that he did not raise in the circuit court and that the circuit court did not address. The rationale behind the rule precluding review of nonjurisdictional issues that were not raised below

> is that when an issue has not been raised below, the facts underlying that issue will not have been developed in such a way so that a disposition can be made on appeal. Moreover, we consider the element of fairness. When a case has proceeded to its

---

[5] West Virginia Code § 23-2A-1(e) provides that if the injured worker or injured worker's attorney fails to protect the statutory right of subrogation, the "failure creates a cause of action for the . . . private carrier . . . against the injured worker . . . and the injured worker's attorney for the amount of the full subrogation amount and the reasonable fees and costs associated with any such cause of action."

ultimate resolution below, it is manifestly unfair for a party to raise new issues on appeal. Finally, there is also a need to have the issue refined, developed, and adjudicated by the trial court, so that we may have the benefit of its wisdom.

*Whitlow*, 190 W. Va. at 226, 438 S.E.2d at 18. Mr. Schillace's failure to respond to Brickstreet's well-supported motion for summary judgment or otherwise argue the grounds he now raises before this Court prevented the facts underlying those issues from being developed in a way that would enable disposition on appeal. Additionally, as articulated in *Whitlock*, it would be manifestly unfair to Brickstreet to permit Mr. Schillace to raise these new issues on appeal, and we do not have the benefit of the circuit court's wisdom on these issues; accordingly, we decline to address them.

We further note that the facts of this case are substantially similar to those presented in *Hicks v. Brickstreet Mutual Insurance Co.*, No. 11-0923, 2012 WL 2947396 (W. Va. Mar. 12, 2012)(memorandum decision). In *Hicks*, Brickstreet filed suit against Todd Hicks alleging that he owed $30,189 in premiums for workers' compensation insurance. *Id.* at *1. Mr. Hicks failed to respond to two sets of discovery requests and to provide fact witness disclosures. *Id.* Accordingly, Brickstreet filed a motion for summary judgment or, in the alternative, a motion to compel. *Id.* at *2. Mr. Hicks failed to respond to Brickstreet's motion, and he did not provide his fact witness disclosures or discovery responses until the day of the scheduled hearing. *Id.* Relying on Rule 36 of the West Virginia Rules of Civil Procedure, providing that requests for admission are deemed admitted where no answer or objection is filed, the circuit court granted summary judgment in Brickstreet's favor. *Id.* In affirming, this Court found that Mr. Hicks's "failure to respond to the discovery requests means that petitioner has admitted that he obtained workers' compensation insurance and has admitted that the amount in question owed to Brickstreet is $30,189." *Id.* at *4. Here, too, petitioner's failure to timely respond to outstanding discovery requests—requests for admission, in particular—coupled with his failure, entirely, to respond to Brickstreet's motion for summary judgment compels the conclusion that there is no error in the circuit court's determination that Brickstreet is entitled to summary judgment. *See* W. Va. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.").

For the foregoing reasons, we affirm the circuit court's July 8, 2019, order granting Brickstreet's motion for summary judgment.

Affirmed.

**ISSUED:** July 30, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice Margaret L. Workman

4